**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| GRANT PARKER SHUMANS,<br><br>Plaintiff,<br><br>v.<br><br>GROENDYKE TRANSPORT, INC.,<br><br>Defendant. | CIVIL ACTION NO.: 2:22-cv-96 |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay. Doc. 10. Defendant asks the Court to stay proceedings in this matter until the resolution of Defendant's motion to dismiss. Id. at 2. Plaintiff filed a Response, opposing a stay. Doc. 14. Defendant replied. Doc. 16. For the following reasons, the Court **GRANTS** Defendant's Motion.

Plaintiff argues Defendant failed to follow the Rule 26 Instruction Order when it did not request a conference with the Court before filing its Motion. Doc. 14 at 1–2; see Doc. 2. Defendant contends it was not required to request a conference before filing the motion, based on language in the Rule 26 Instruction Order. Defendant is correct. The Rule 26 Instruction Order specifically addresses requests for a stay of discovery, and that portion of the Order does not require the party seeking the stay to request a conference with the Court. The Order only requires the moving party to attempt to contact the opposing party to determine whether the motion would be opposed. Defendant did that here, and, therefore, complied with the Rule 26 Order.[1] Doc. 10-2. When Plaintiff did not respond, Defendant filed the instant Motion,

---

[1] Even so, Plaintiff's position is not unreasonable. The Rule 26(f) Instruction Order instructs parties to follow a three-step dispute resolution process prior to the filing of "any discovery motion,"

explaining it did not receive an answer from Plaintiff. Doc. 10 at 1. In short, Defendant complied with the Court's Rule 26 Order.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). There is no general rule in the Eleventh Circuit that discovery should be stayed while a pending motion to dismiss is resolved. See Reilley v. Amy's Kitchen, Inc., 2013 WL 3929709 at *1 (S.D. Fla. July 31, 2013).; see also Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *5 (S.D. Ga. June 10, 2016) ("[Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997),]and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."). At the same time, this Court and other courts within the Eleventh Circuit often find good cause to stay the discovery period where there is a pending, meritorious motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1367–68 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility

---

which requires the parties to contact the Court to schedule a conference regarding the dispute. Doc. 2 at 3, 5. Plaintiff believed a request for a discovery stay is a "discovery motion" that required the three-step process. However, the more specific provision in the Order related to discovery stays does not require a conference with the Court, and that is the provision that governs here.

that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367. In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams, 2016 WL 3339764, at *6. "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendant has met its burden of showing a stay is necessary. A "preliminary peek" at Defendant's motion to dismiss reveals the motion could dispose of all or most of the claims against it and narrow the issues which need to be addressed in discovery. See id. (taking a preliminary look at the motions to dismiss to determine if the motions to dismiss are meritorious); Doc. 9. It appears Defendant's motion has some merit and, if granted in its entirety, could completely dispose of the case. Doc. 9.

Plaintiff asserts any alteration of the schedule would not unduly burden Defendant or other third parties. Doc. 13 at 3–4. He then offers some argument on the merits of his claim. Id. at 5–6. Plaintiff's arguments are not responsive as to whether the motion to dismiss is meritorious or if the motion would have substantial impact on the scope of discovery. Plaintiff also does not identify any discovery which would be needed prior to the resolution of the motion to dismiss. Indeed, the granting of either the entirety or a portion of the motion to dismiss would narrow the issues in the case, potentially rendering any discovery conducted an unnecessary expense. It would be more efficient for the Court to pause discovery than allow it to go forward when the case could potentially be disposed of in its entirety.

Accordingly, the Court **GRANTS** Defendant's Motion to Stay and **STAYS** the discovery deadlines until the resolution of Defendant's motion to dismiss. If any claims remain pending after resolution of the motion to dismiss, this stay shall lift automatically.

**SO ORDERED**, this 4th day of January, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA